UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CANDACE GARCIA a/k/a
CANDACE WILBURN,

     Plaintiff,

v.                                                                          Case No: 8:24-cv-2370-MSS-CPT

INVESTAID CORPORATION,

     Defendant.

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion for Default Judgment. (Dkt. 12) Despite having been served, Defendant Investaid Corporation has failed to appear, answer, or otherwise respond to the Complaint, which Plaintiff filed on October 16, 2024. (Dkt. 1) The Clerk entered default on February 7, 2025. (Dkt. 11) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for lack of personal jurisdiction.

Plaintiff Candace Garcia ("Plaintiff"), proceeding *pro se*, initiated this action against Defendant Investaid Corporation ("Defendant" or "Investaid") on October 16, 2024. (Dkt. 1) She seeks a declaratory judgment and injunctive relief. (Id.) In the Complaint, Plaintiff alleges she owns property located at 1213 South 31st Street, South Bend, Indiana 46615 (the "Property"). (Id. at 2) Plaintiff further alleges she executed two non-purchase promissory notes in favor of Investaid on September 6, 2006, one

in the amount of $69,520.00 and the other in the amount of $17,380.00. (Id.) Plaintiff also executed two mortgages on the Property to secure her obligations on each of the notes. (Id.) When Plaintiff executed these documents, she lived at the Property in Indiana. (Dkt. 12 at 77)

Plaintiff alleges Investaid failed to disburse any funds pursuant to the notes. (Dkt. 1 at 3) Although Plaintiff has allegedly contacted Investaid to inquire about the loans, Plaintiff alleges Investaid has never responded to her. (Id.) Plaintiff alleges she has suffered financial difficulties due to Investaid's alleged breach of the loan agreements. (Id. at 4) Plaintiff also alleges credit reporting agencies are reporting her obligations under the agreements despite Investaid's breach. (Id.)

Plaintiff requests a declaratory judgment that the promissory notes and mortgages are void (Count I). (Id.) Plaintiff also requests a permanent injunction prohibiting Investaid, including its agents and any known or unknown assignees, from taking any action to enforce or collect on the promissory notes and mortgages (Count II). (Id.)

On November 26, 2024, Plaintiff filed an Affidavit of Service stating that on November 6, 2024, Investaid's registered agent was served with copies of the Complaint and the Issued Summons. (Dkt. 5) To date, Investaid has not filed an answer or other responsive pleading in this case. Upon Plaintiff's Motion for Clerk's Entry of Default, (Dkt. 10), the Clerk entered default against Investaid on February 7, 2025. (Dkt. 11) Pursuant to Federal Rule of Civil Procedure 55, Plaintiff now seeks

entry of a final judgment of default against Investaid, a declaratory judgment, and a permanent injunction. (Dkt. 12)

Under Federal Rule of Civil Procedure 55, a court may enter a default judgment if it has jurisdiction over the claims and parties and there is a sufficient basis in the pleadings to support the relief sought. Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975);[1] Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015); Schatz v. CENTR Brands Corp., No. 23-cv-421, 2025 WL 562605, at *1 (M.D. Fla. Feb. 20, 2025) (citations and internal quotations omitted) (noting that "[b]efore granting a motion for default judgment, a court must ensure that it has jurisdiction over the claims and parties").

Plaintiff has failed to allege sufficient facts to invoke this Court's personal jurisdiction over Defendant Investaid, which Plaintiff alleges is incorporated and headquartered in Michigan. "Even in the default judgment context, as a threshold matter, the plaintiff bears the burden of pleading sufficient facts to make out a prima facie case of personal jurisdiction over non-resident defendants." Warner Bros. Ent. Inc. v. Phillips, No. 14-cv-1294, 2015 WL 4590519, at *3 (M.D. Fla. July 28, 2015) (citing Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1350 (11th Cir. 2013)). To determine personal jurisdiction over a non-resident defendant, courts use a two-part analysis. Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

829, 855 (11th Cir. 1990). First, the court must determine whether a basis for personal jurisdiction over the defendant exists under the state's long-arm statute. Id. Next, the court must decide whether sufficient "minimum contacts" exist to satisfy the Due Process Clause of the Fourteenth Amendment. Id. (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). The "maintenance of the suit" must not "offend traditional notions of fair play and substantial justice." Id. (internal quotations omitted). If the complaint lacks allegations to show jurisdiction is appropriate under either part of the analysis, the plaintiff fails to establish a *prima facie* case of personal jurisdiction.

Florida's long-arm statute provides for both general and specific personal jurisdiction. § 48.193, Fla. Stat. (2023). A court has general personal jurisdiction if the defendant engaged in "substantial and not isolated" activity in Florida. Id. at § 48.193(2). Florida courts have held that "substantial and not isolated activity" means "continuous and systematic general business contact" with Florida. Autonation, Inc. v. Whitlock, 276 F. Supp. 2d 1258, 1262 (S.D. Fla. 2003). On the other hand, a Florida court may exercise specific personal jurisdiction if the defendant deliberately directed activities to Florida and the alleged injury to the plaintiff arises from those activities. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985); see also § 48.193(1), Fla. Stat. (2024) (listing acts which, if committed in Florida, give rise to specific personal jurisdiction over the person or entity that committed them).

First, Plaintiff alleges no facts to support this Court's general personal jurisdiction over Investaid under Florida's long-arm statute. Plaintiff does not allege

Investaid engaged in "substantial and not isolated activity" in Florida or had "continuous and systematic general business contact" with Florida, although the return of service indicates Investaid maintains a registered agent in Florida. (Dkt. 5)

Second, Plaintiff's allegations do not establish Investaid deliberately directed activities to Florida. Plaintiff does not allege Investaid committed any of the acts listed in Florida's long-arm statute that establish personal jurisdiction. See § 48.193(1), Fla. Stat. (2024). Plaintiff alleges Investaid holds two mortgages on property located in Indiana, not Florida. (Dkt. 1 at 2) According to the notarizations of the mortgages, Plaintiff executed the documents in St. Joseph County, Indiana. (Dkt. 1-2 at 20, 31) In his affidavit, Steven Garcia attests he lived with Plaintiff in Indiana from September 2006 to February 2008. (Dkt. 12 at 77) Thus, Plaintiff did not reside in Florida when Investaid agreed to loan her money. Although Plaintiff, now a Florida resident, alleges Investaid breached its obligations under the promissory notes, Florida's long-arm statute provides for specific personal jurisdiction over a defendant who breaches "a contract in this state by failing to perform acts required by the contract to be performed in this state." § 48.193(1)(a)(7), Fla. Stat. (2024). Plaintiff does not allege facts that show Investaid agreed to perform any obligations in Florida.

The Court next analyzes whether Plaintiff satisfies the second part of the personal jurisdiction analysis for Investaid. Plaintiff fails to allege Investaid has sufficient minimum contacts with Florida such that this Court's exercise of personal jurisdiction would not offend traditional notions of fair play and substantial justice. Plaintiff's allegations do not establish that Investaid has any relationship to Florida.

For this reason, Plaintiff fails to establish it has minimum contacts with Florida sufficient to satisfy the Due Process Clause of the Fourteenth Amendment.

Based on the allegations in the Complaint at this time, the Court lacks jurisdiction to enter a final judgment of default against Investaid. Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Motion for Default Final Judgment, (Dkt. 12), is **DENIED WITHOUT PREJUDICE for lack of personal jurisdiction**.

2. Within twenty-one (21) days of the date of this Order, Plaintiff may file an amended complaint that alleges more specific facts about Investaid's relationship to Florida—if a good faith basis for such allegations exists—to attempt to establish this Court's personal jurisdiction.

3. If Plaintiff fails to file an amended complaint before this deadline and does not seek an extension of time, the Court will dismiss the complaint without prejudice and close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 16th day of April 2025.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any pro se party

6